**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JHOORLING MAZZIELL VANEGAS-GUTIERREZ,<br><br>          Petitioner,<br><br>     v.<br><br>MARKWAYNE MULLIN, ETC., ET AL.,<br><br>          Respondents. | No. ED CV 26-3860-E<br><br><br>ORDER FOR ENTRY OF JUDGMENT |

**INTRODUCTION**

Petitioner, a citizen and native of Nicaragua, lived in the United States on immigration parole for more than three years.  During that time, Petitioner complied with the conditions of her parole.  Nevertheless, on March 11, 2026, agents of Immigration and Customs Enforcement ("ICE") arrested and detained Petitioner without prior notice or individualized written explanation.  For the reasons discussed below, due process requires that the Court grant habeas relief.

///

///

**BACKGROUND AND PROCEEDINGS**

In October of 2022, Petitioner entered the United States and was briefly detained. She then was released on parole. Petitioner complied with all of the conditions of her parole supervision. Asylum proceedings are pending. There is no final order of removal.

On March 11, 2026, ICE re-detained Petitioner without prior notice or individualized written explanation, and without affording Petitioner a prompt opportunity to be heard in opposition to this de facto revocation of supervision.

Petitioner filed a "Petition for a Writ of Habeas Corpus, etc." on July 12, 2026, and an identically titled "Petition for Writ of Habeas Corpus, etc." ("the Petition") on July 13, 2026. Respondents filed an "Answer to Petition for Writ of Habeas Corpus" on July 20, 2026. This Answer states that "[o]n July 13, 2026, Petitioner filed an Petitioner [sic] for Writ of Habeas Corpus. . . ." Presumably, Respondents intended the Answer to be an Answer to the Petition. The Answer fails to respond to any of the arguments made by Petitioner, other than to state that "Respondents are not presenting an opposition argument at this time to the Petitioner receiving a bond hearing before an immigration judge." Petitioner filed a Reply on July 21, 2026.

**DISCUSSION**

For the reasons discussed below, Petitioner's re-detention was unlawful. Habeas relief should issue.

The federal Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004). "The essence of habeas corpus is an attack by a person in custody upon the

2

legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief.  See 28 U.S.C. § 2241(c)(3).  Although this Court would have no jurisdiction to review a challenge to a final order of removal (8 U.S.C. § 1252(g)), the Court does have jurisdiction to adjudicate Petitioner's challenge to her re-detention.  See Jennings v. Rodriguez, 583 U.S. 281, 138 S. Ct. 830, 841 n.3 (2018); Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999); Pinchi v. Noem, 2025 WL 3691938, at *9-12 (N.D. Cal. Dec. 19, 2025).  Numerous District Courts correctly have found that jurisdiction exists to adjudicate aliens' challenges to ICE re-detentions.  See, e.g., Pinchi v. Noem, 813 F. Supp. 3d 973, 1006-10 (N.D. Cal. 2025); Xayakesone v. Noem, 2025 WL 3229102 (S.D. Cal. Nov. 19, 2025); J.L.R.P. v. Wofford, 2025 WL 3190589 (E.D. Cal. Nov. 14, 2025); Rodriguez Cabrera v. Mattos, 2025 WL 3072687, at *6-7 (D. Nev. Nov. 3, 2025); Grigorian v. Bondi, 2025 WL 2604573 (S.D. Fla. Sept. 9, 2025); K.E.O. v. Woosley, 2025 WL 2553394 (W.D. Ky. Sept. 4, 2025); Zhu v. Genalo, 2025 WL 2452352 (S.D.N.Y. Aug. 26, 2025); Santamaria Orellana v. Baker, 2025 WL 2444087 (D. Md. Aug. 25, 2025); M.S.L. v. Bostock, 2025 WL 2430267 (D. Or. Aug. 21, 2025); Ceesay v. Kurzdorfer, 781 F. Supp. 3d 137, 151-52 (W.D.N.Y. 2025).

Due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law.  See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. at 693-94.  Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("Mathews"); Tenemasa-Lema v. Hyde, 2025 WL 3280555, at *8-11 (applying Mathews to find that re-detention of paroled alien without the possibility of re-release violated due process); Im v. Semaia, 2025 WL 4474995, at *3-8 (C.D. Cal. Oct. 30, 2025) (applying Mathews to find a likelihood of a due process violation where ICE re-detained

without a hearing an alien who had been on immigration supervision); <u>Rodriguez Cabrera v. Mattos</u>, 2025 WL 3072687, at *10-14 (finding violations of procedural and substantive due process in circumstances legally indistinguishable from the present circumstances); <u>accord</u> <u>Pinchi v. Noem</u>, 813 F. Supp. 3d at 1035-36; <u>Fernandez Lopez v. Wofford</u>, 2025 WL 2959319, at *4-5 (E.D. Cal. Oct. 17, 2025) (paroled alien has constitutionally protected liberty interests in remaining out of custody); <u>Noori v. Larose</u>, 2025 WL 2800149, at *4, 9-10 (S.D. Cal. Oct. 1, 2025) (same); <u>cf.</u> <u>Hurd v. District of Columbia</u>, 864 F.3d 671, 683 (D.C. App. 2017) ("the Supreme Court has repeatedly held that in at least some circumstances, a person who is in fact free of physical confinement - even if that freedom is lawfully revocable - has a liberty interest that entitles him to constitutional due process before he is re-incarcerated").

In the present case, without prior notice, without an individualized written explanation, and without a prompt opportunity to be heard, ICE abruptly revoked supervision and re-detained Petitioner.  ICE thereby violated Petitioner's due process rights.  <u>See</u> <u>id.</u>

The most appropriate remedy for this due process violation would be "[t]o return to the status quo - the last uncontested status which preceded the pending controversy," <u>i.e.</u>, to order the release of Petitioner on "the same conditions [under which] [s]he was released previously."  <u>Garcia v. Andrews</u>, 2025 WL 1927596, at *6 (E.D. Cal. July 14, 2025); <u>see</u> <u>Rodriguez Cabrera v. Mattos</u>, 2025 WL 3072687, at *15 (ordering re-release of ICE detainee on conditions previously imposed); <u>accord</u>, <u>Asatryan v. Lyons</u>, 2026 WL 1196005 (C.D. Cal. April 24, 2026); <u>Dereck v. Noem</u>, 2026 WL 807618, at *3-4 (E.D. Cal. March 24, 2026), <u>adopted</u>, 2026 WL 926254 (E.D. Cal. April 6, 2026); <u>Elshawadfy v. Bowen</u>, 2026 WL 1045643 (C.D. Cal. March 16, 2026).

Respondents' Answer appears to suggest that Petitioner's remedy should be a bond hearing before an immigration judge.  However, a belated hearing would not remedy the

due process violations Petitioner unjustifiably has suffered.  See, e.g., Mumaev v. Semaia, 2026 WL 530765, at *6 (C.D. Cal. Feb. 20, 2026) (immigration judge's post-detention decision to deny bond "cannot support Petitioner's continued detention when the underlying arrest, revocation of parole and re-detention were in violation of Petitioner's due process rights and, thus, invalid"); accord Ghulyan v. Semaia, 2026 WL 788213 (C.D. Cal. March 20, 2026); E.A.T.-B. v. Wamsley, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025); see also Moctezuma v. Henkey, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (collecting cases and noting respondents' "refusal to abandon their unlawful policy").

**CONCLUSION**

For all of the foregoing reasons, the Petition is granted in part and:  (1) Respondents are ordered to release Petitioner (A# 246-218-601) from detention immediately, subject to the conditions of her previous supervision; and (2) enjoining Respondents from any further re-detention of Petitioner absent at least seven (7) days notice and a pre-deprivation bond hearing before a neutral decisionmaker at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is an unacceptable danger to the community or an unacceptable flight risk.[1]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  July 22, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[1]    Petitioner has not justified any different or additional habeas relief on the present record.

5